**Kostyantn ZHUK, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–75208.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2008.

Submission Vacated and Deferred May 14, 2008.

Resubmitted June 4, 2008.

Filed June 6, 2008.

Vitaly B. Sigal, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Security, Los Angeles, CA, Kevin J. Conway, Oil, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.*

## MEMORANDUM **

Petitioners Kostyantn Zhuk ("Zhuk"), a native and citizen of Ukraine, and Janneth Jackline Burga–Salazar ("Burga–Salazar"), a native and citizen of Peru, seek review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying their application for asylum. Zhuk and Burga–Salazar are married; Burga–Salazar was named on Zhuk's asylum application relating to his persecution in Ukraine. We have jurisdiction under 8 U.S.C. § 1252(a).[1]

Petitioners argue that they were denied a full and fair hearing because the IJ denied Burga–Salazar's request for a continuance, which might have allowed her to apply for relief from removal to Peru. An IJ may grant a continuance for good cause shown. *See* 8 C.F.R. § 1003.29. "The decision whether to grant a continuance is in the sound discretion of the trial judge

and will not be overturned except on a showing of clear abuse." *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (internal quotation marks omitted). Although the IJ specifically asked Burga–Salazar during the initial hearing whether she needed to file her own asylum application as to Peru, at the time of the merits hearing—more than two months later—Burga–Salazar had neither filed such an application nor requested a continuance. Petitioners elected instead to rely on her husband's withholding of removal and Convention Against Torture claims, as to which the IJ granted relief to both petitioners with respect to Ukraine. Burga–Salazar had adequate notice that she faced removal to Peru, because it was designated as the country of removal during the initial hearing. *Cf. Andriasian v. INS*, 180 F.3d 1033 (9th Cir.1999). The IJ did not abuse his discretion in denying a continuance of proceedings.

Petitioners emphasize that removing Burga–Salazar to Peru while her husband and two United States citizen children remain in this country may split up their family, because it is not clear whether her husband and children could emigrate to Peru. Petitioners argue that the "laws of equity" do not tolerate such an unjust result. Like the BIA, "we regret this outcome." Nonetheless, the United States immigration laws do not guarantee residence for the alien parents, spouses and children of United States citizens.[2] *See, e.g.*, 8 U.S.C. § 1229b(b)(1)(D) (providing

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Petitioners have not argued that the BIA erred in finding that their asylum application was not filed within one year of their arrival in the United States and there were neither changed nor extraordinary circumstances to

excuse the untimely filing. *See* 8 U.S.C. § 1158(a)(2)(B) & (D). Therefore, we do not address whether we would have jurisdiction to consider such a question

2. The Government recently informed us that after completion of this appeal, Ms. Burga–Salazar "may be able to apply to the Department of Homeland Security for deferred action status, thereby possibly allowing her to stay in the United States with her family."

only a limited exception to the removal of non-resident aliens who have U.S. citizen spouses, parents or children).[3]

**DENIED.**

---

**3.** We acknowledge Immigration Judge David C. Anderson's exceptionally cogent and careful explanations in his oral ruling.

